IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN BRISENO SANCHEZ,

    Petitioner,

v.                                                                                    No. 1:26-cv-02082-KG-LF

MARKWAYNE MULLIN, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Martin Sanchez's Petition for a Writ of Habeas

Corpus, Doc. 1, and the Government's Response, Doc. 7.  Because Petitioner presents a purely

legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition

for the reasons below.

### I.     *Background*

Petitioner is a citizen of Mexico and noncitizen of the United States who is detained by

the Department of Homeland Security ("DHS") at the Cibola County Correctional Center in New

Mexico.  Doc. 1 at 1.  He challenges his continued detention as violative of due process.  *Id.* at 6.

He requests immediate release, or in the alternative, bond.  *Id.* at 7.

Although the Government opposes the petition, it concedes that Petitioner is entitled to a

bond hearing under the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, ___

F.4th____, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026).  Doc. 7 at 2.

### II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Santillan Quiroz*, 2026 WL 1876709, at *7. First, 8 U.S.C. § 1225 governs noncitizens who are "seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 2026 WL 1876709, at *6. "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* at *7. Absent exceptions irrelevant here, § 1225 mandates detention and affords no bond hearing. *Id.* (citing 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303; *see also Santillan Quiroz*, 2026 WL 1876709, at *6–7 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a).") (citing exceptions not relevant here). Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

### III.    *Analysis*

Section 1226(a) governs Petitioner's detention. He resided in the United States for years before being arrested. Doc. 7 at 1. He therefore falls within the class of noncitizens "subject to

2

§ 1226(a)." because he "entered the United States and [was] thereafter detained in the interior." *Santillan Quiroz*, 2026 WL 1876709, at \*6–7.  Accordingly, Petitioner's continued detention without a bond hearing violates the INA.

The Court next turns to the appropriate remedy.  The Tenth Circuit in *Santillan Quiroz* ordered the government to, "within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."  2026 WL 1876709, at \*17 n.13.  The Court adopts the same remedy here.

## IV.    Conclusion

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.

2.  Within seven (7) business days of this Order, the Government shall provide Petitioner with a bond hearing or else release him.

3.  Because the Court grants Petitioner full relief on statutory grounds, it does not reach his Fifth Amendment claim.  That claim is dismissed as moot.

4.  The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.